WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Edward Cafaro,<br><br>    Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>    Respondents. | No. CV-19-00463-TUC-SHR (MSA)<br><br>**REPORT AND RECOMMENDATION** |

This matter is on referral pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure. Pending before the Court is Petitioner Steven Edward Cafaro's amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 5.) Respondents David Shinn and Attorney General of the State of Arizona have filed a limited response, to which Cafaro has replied. (Docs. 11, 14.) For the following reasons, the Court will recommend that the petition be denied and dismissed with prejudice.

**I.      Background**

In May 2016, federal agents seized a file-sharing server from Cafaro's home. (Doc. 11-1 at 22.)[1] Stored on the server were videos and images of sexually exploitative material, including 216 videos of confirmed child pornography. (*Id.*) A grand jury indicted Cafaro on ten counts of sexual exploitation of a minor under fifteen years of age, in violation of Ariz. Rev. Stat. § 13-3553. (*Id.* at 3–5.) Pursuant to a plea agreement, Cafaro pleaded guilty to two counts of attempted violation of Ariz. Rev. Stat. § 13-3553. (*Id.* at 7–11, 16–

---

[1]      Record citations refer to the page numbers electronically generated by the Court's filing system, not to the original page numbers in the documents cited.

17.)  On October 23, 2017, the trial court sentenced Cafaro to a five-year term of imprisonment and a consecutive 20-year term of probation.  (*Id.* at 26–28.)  At the sentencing hearing, Cafaro signed a document acknowledging that he had 90 days from entry of judgment to file a notice of request for post-conviction relief ("PCR").  (*Id.* at 28, 31–32.)

Cafaro filed a PCR notice on May 1, 2018 (190 days after entry of judgment).  (*Id.* at 34–36.)  On the notice form, Cafaro checked a box acknowledging that the notice was untimely.  (*Id.* at 35.)  However, he indicated that he was raising a claim based on newly discovered material facts, a claim based on facts that would establish his innocence by clear and convincing evidence, and a claim that his notice was untimely through no fault of his own.  (*Id.* at 35–36); Ariz. R. Crim. P. 32.1(e)–(f), (h).[2]  Under Arizona law, these claims can be raised in an untimely proceeding, provided the defendant offers reasons why the claims were not raised earlier.  Ariz. R. Crim. P. 32.2(b).  In the narrative portion of the form, Cafaro explained that his notice was untimely because he "was misled by counsel, thus committing fraud.  A.R.S. § 13-902 [regarding imposition of probation] is susceptible to more than one interpretation.  Thus mandating the rule of lenity."  (Doc. 11-1 at 36.)

On May 22, 2018, the trial court dismissed Cafaro's notice as untimely.  (*Id.* at 38–39.)  Cafaro sought reconsideration of the trial court's order.  (*Id.* at 45–49.)  In his brief, he asserted he had recently discovered that he could not be convicted of attempted sexual exploitation of a minor under Ariz. Rev. Stat. § 13-3553.  (*Id.* at 47.)  According to Cafaro, the statute requires more than possession of child pornography; rather, he contended, the statute has as an element that a minor be physically present and involved in the defendant's offense conduct.  (*Id.*)  Cafaro also asserted he had recently learned that the probation statute, Ariz. Rev. Stat. § 13-902, is subject to three distinct interpretations, such that the trial court was required to apply the rule of lenity in fashioning his sentence.  (*Id.* at 48–49.)  The trial court denied Cafaro's motion without explanation.  (*Id.* at 52.)

---

[2] Arizona revised its post-conviction rules effective January 1, 2020.  In this report, citations to the Arizona Rules of Criminal Procedure are to the rules that were in effect when Cafaro sought post-conviction relief.

Cafaro sought review in the Arizona Court of Appeals. (*Id.* at 54–62.) He argued again that his convictions and sentence are illegal. (*Id.* at 57–62.) He also argued that his attorney was ineffective for not raising either issue. (*Id.* at 61.) On October 30, 2018, the Arizona Court of Appeals granted review but denied relief. (*Id.* at 84–86.) The court held that "the trial court clearly could summarily dismiss [Cafaro's] notice" under Rule 32.2(b), since Cafaro did not satisfy the rule's requirement that he "explain the reasons . . . for not raising the claim in a timely manner." (*Id.* at 85.) Additionally, it held that neither it nor the trial court were required to consider Cafaro's arguments that his claims had been concealed from him, since they were presented for the first time in a motion for reconsideration. (*Id.* at 85–86.)

This action was filed on September 10, 2019. (Doc. 1.) Cafaro raises two claims in the operative amended petition. First, he contends that his attorney should have advised him that his convictions and sentence are illegal, and that the failure to provide such advice constitutes ineffective assistance of counsel. (Doc. 5 at 6.) Second, he contends that his attorney, the prosecutor, and the trial court deliberately misled him about the law, thereby causing him to plead guilty "under misunderstanding, duress, or misrepresentation." (*Id.* at 7.) Respondents contend that these claims are both untimely and procedurally defaulted. The Court agrees.

## II. Statute of Limitation

### A. Start Date

Cafaro's petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014). Under AEDPA, a one-year statute of limitation applies "to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Here, the petition contains no mention of a state-created impediment to filing, or of a newly recognized constitutional right. *Id.* § 2244(d)(1)(B)–(C). And while Cafaro contends that his claims were initially concealed from him, he has offered no argument that he is entitled to a start date determined under § 2244(d)(1)(D). *See Majoy v. Roe*, 296 F.3d 770, 776 n.3 (9th Cir. 2002) (placing the burden on petitioner to establish due diligence). Accordingly, the statute of limitation commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Cafaro waived his right to a direct appeal, the traditional form of "direct review." (Doc. 11-1 at 10.) Thus, his opportunity for direct review was an of-right post-conviction proceeding. *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). To obtain post-conviction review, Cafaro was required to file a PCR notice within 90 days of the entry of judgment, or by January 22, 2018.[3] Ariz. R. Crim. P. 32.4(a)(2)(C). As he failed to do so, the January 22, 2018 deadline is when the limitation period commenced. Absent statutory or equitable tolling, Cafaro was required to file this action by January 22, 2019.

### B. Statutory Tolling

The limitation period is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

---

[3] Cafaro would have had 91 days to file a notice, since 90 days from the entry of judgment was January 21, 2018—a Sunday. Ariz. R. Crim. P. 1.3(a)(2).

- 4 -

This includes "time limits, no matter their form." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Cafaro filed his notice on May 1, 2018, approximately three months after the filing deadline. (Doc. 11-1 at 34–36.) The state courts found that Cafaro had not satisfied the requirements for bringing an untimely claim and thus dismissed the proceeding as untimely. (*Id.* at 38–39, 85–86.) As a result, Cafaro's notice was not "properly filed," and he is not entitled to statutory tolling. *See Pace*, 544 U.S. at 413 ("[A] petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception.").

### C.     Equitable Tolling

The limitation period is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Cafaro has not argued that some extraordinary circumstance prevented him from filing this action on time, or that he pursued his rights diligently. *See Smith v. Davis*, 953 F.3d 582, 602 (9th Cir. 2020) (en banc) (declining to find diligence where petitioner failed to argue he was diligent). Moreover, it is apparent from the record that Cafaro was not diligent. The post-conviction proceeding concluded in October 2018, yet Cafaro waited until September 2019—a period of 10 months—to file this action. (Doc. 11-1 at 84–86.) This delay precludes a finding of diligence. *See Pace*, 544 U.S. at 419 (finding a lack of diligence in part because petitioner filed his federal petition five months after the state post-conviction proceeding ended).

### D.     Actual Innocence

In some cases, a claim of "actual innocence" may serve as a "gateway through which a habeas petitioner [can] pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable

evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup*, 513 U.S. at 327).

Cafaro has not met this "exacting standard." *See Stewart v. Cate*, 757 F.3d 929, 938 (9th Cir. 2014). He does not offer new evidence, *see Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013), or present intervening case law, *see Vosgien v. Persson*, 742 F.3d 1131, 1135 (9th Cir. 2014), in support of an actual-innocence claim. His arguments of statutory interpretation, discussed below, are meritless and thus insufficient to show that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329.

### E. Conclusion

The one-year limitation period commenced on January 22, 2018. Because there was no statutory or equitable tolling, Cafaro was required to file his federal habeas petition no later than January 22, 2019. This action, filed in September 2019, is therefore untimely. As Cafaro has not raised a viable claim of actual innocence, there is no basis for excusing this procedural defect. Accordingly, the Court will recommend that the petition be denied as untimely.

### III. Procedural Default

The Arizona Court of Appeals held it was proper for the trial court to dismiss Cafaro's notice as untimely under Rule 32.2(b). (Doc. 11-1 at 85.) It also held that Cafaro waived any claims presented for the first time in his motion for reconsideration. (*Id.* at 85–86.) Respondents assert that Rule 32.2(b) and the rule against consideration of late-raised arguments are both "independent" and "adequate" state procedural bars, such that any claims raised in Cafaro's notice or motion for reconsideration are procedurally defaulted. *See Rodney v. Filson*, 916 F.3d 1254, 1259 (9th Cir. 2019) (stating that a claim is

procedurally defaulted if it was rejected in state court "based on 'independent' and 'adequate' state procedural grounds" (citing *Coleman v. Thompson*, 501 U.S. 722, 729–32 (1991))). None of the binding authority cited by Respondents holds that these particular rules are "adequate" to bar federal habeas review. *See Stewart v. Smith*, 536 U.S. 856, 860–61 (2002) (per curiam) (examining Rule 32.2(a)(3)); *Ortiz v. Stewart*, 149 F.3d 923, 931–32 (9th Cir. 1998) (same), *overruled on other grounds by Martinez v. Ryan*, 566 U.S. 1 (2012). Nevertheless, it appears that Cafaro's claims are procedurally defaulted.

> The State bears the initial burden of pleading the existence of a state procedural ground. If a state procedural ground exists, the burden then shifts to the petitioner, who must assert "specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." If the petitioner carries his burden, the burden shifts back to the State, which must show that the procedural rule "has been regularly and consistently applied in habeas actions."

*Williams v. Filson*, 908 F.3d 546, 577 (9th Cir. 2018) (quoting *Bennett v. Mueller*, 322 F.3d 573, 585–86 (9th Cir. 2003)).

Respondents have met their burden by pleading the "existence" of independent and adequate state procedural bars. Cafaro thus bears the burden of alleging that the procedural bars are not adequate. *See id.* at 577–78 (finding that the state "satisfied its initial burden by pleading the existence of a procedural rule" and thus that the petitioner bore "the burden of 'asserting specific factual allegations that demonstrate the inadequacy of the state procedure'" (quoting *Bennett*, 322 F.3d at 586)). Because Cafaro has not answered Respondents' argument, he has failed to shift the burden back to Respondents to show the adequacy of the alleged procedural bars. As a result, the Court finds that Cafaro's claims are procedurally defaulted.

A federal court may not review a procedurally defaulted claim unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. It is Cafaro's burden to argue that he meets an exception. *See id.* at 757. He has not done so here. Moreover, as

explained below, the arguments of statutory interpretation underlying Cafaro's claims are without merit. Thus, he cannot show cause and prejudice arising from ineffective assistance of counsel, *see Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017), or that he is actually innocent such that the denial of federal habeas review would constitute a fundamental miscarriage of justice, *see Bousley v. United States*, 523 U.S. 614, 623 (1998).

**IV.   Merits**[4]

"A federal habeas petitioner can overcome a procedural default, including a failure to comply with the statute of limitations, by demonstrating actual innocence of the crime underlying his conviction." *Vosgien*, 742 F.3d at 1134 (citations omitted). Underlying Cafaro's claims is the contention that he is innocent of his convictions and sentence. This contention is meritless.

Cafaro argues that he is innocent of his convictions because Ariz. Rev. Stat. § 13-3553(A)(2) requires that the offense conduct involve the physical presence of a minor, not mere "computer data." This argument fails because it is contrary to the plain language of the statute: "A person commits sexual exploitation of a minor by knowingly . . . . possessing . . . any *visual depiction* in which a minor is engaged in exploitive exhibition or other sexual conduct." Ariz. Rev. Stat. § 13-3553(A)(2) (emphasis added). The term "'[v]isual depiction' includes each *visual image* that is contained in an undeveloped film, videotape or photograph or data stored in any form and that is capable of conversion into a visual image." *Id.* § 13-3551(12) (emphasis added). This language clearly contemplates conduct relating to child pornography. *See State v. McPherson*, 269 P.3d 1181, 1184 (Ariz. Ct. App. 2012) ("[T]he legislature intended these statutes to criminalize each image that constitutes child pornography because its very existence harms the victim it depicts." (citing *State v. Berger*, 134 P.3d 378, 379, 382–83 (Ariz. 2006))). The statute cannot reasonably be construed as requiring what Cafaro says it does.

Cafaro argues that his sentence of probation, imposed under Ariz. Rev. Stat. § 13-902(E), is illegal because it violates the rule of lenity. Under the rule of lenity, ambiguities

---

[4] The Court reaches the merits as part of the actual-innocence analysis.

in criminal statutes should be resolved in favor of defendants. *See Huddleston v. United States*, 415 U.S. 814, 830–31 (1974). The rule has no application here because, contrary to what Cafaro says, Ariz. Rev. Stat. § 13-902 is not ambiguous. Section 13-902(A) sets forth the maximum term of probation that can be imposed for each class of crime (e.g., a state court can impose a maximum term of seven years for a class 2 felony and a maximum term of two years for a class 2 misdemeanor). Section 13-902(E) carves out an exception for those convicted of sex crimes (or child or elder abuse). In these cases, the maximum term specified in § 13-902(A) becomes a mandatory minimum, and the court has discretion to continue that term for life. Ariz. Rev. Stat. § 13-902(E). These provisions are not ambiguous, and they do not conflict.

Cafaro's claims are untimely and procedurally defaulted. He has not overcome these procedural defects by showing that he has a viable claim of actual innocence. *See Coleman*, 501 U.S. at 750. Therefore,

**IT IS RECOMMENDED** that Petitioner Steven Edward Cafaro's amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 5) be **denied** and **dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be denied because Petitioner has not made a substantial showing of the denial of a federal constitutional right, and jurists of reason would not find the Court's assessment of Petitioner's constitutional claims "debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the district court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to this recommendation may result in the acceptance of the recommendation by the district court without de novo review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

Cir. 2003) (en banc).  Filed objections should use the following case number: **No. CV-19-00463-TUC-SHR**.

Dated this 27th day of July, 2020.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge